# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 23, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CABELA'S INC.,**
**Employer Below, Petitioner**

**vs.)   No. 11-0683**  (BOR Appeal No. 2045096)
(Claim No. 2010103220)

**SHERRY CUNNINGHAM,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Cabela's Inc., by Mark Grigoraci, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Sherry Cunningham, by William Gallagher, her attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 21, 2011, in which the Board modified an August 31, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's November 20, 2009, Order and found that rotator cuff tear was compensable as a secondary condition. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Cunningham was working for Cabela's Inc. when she injured her left shoulder. On August 21, 2009, the claims administrator held the claim compensable for a left shoulder sprain/strain. Subsequently, Ms. Cunningham's treating physician requested that rotator cuff tear be added as a compensable condition based upon MRI results. Dr. Braunlich, an orthopedic surgeon, found that Ms. Cunningham suffered from rotator cuff syndrome, and he recommended

1

surgery for the left shoulder. The claims administrator denied the request to add rotator cuff tear to the claim on November 20, 2009.

The Office of Judges reversed the claims administrator's Order, and found that the preponderance of the evidence established that rotator cuff tear was compensable in the claim. The Board of Review modified the Office of Judges' Order, and added rotator cuff syndrome as a compensable condition in the claim. The evidence demonstrates that Ms. Cunningham suffers from both a left rotator cuff tear and rotator cuff syndrome in the left shoulder. Dr. Braunlich suggested surgery as a course of treatment. We find Dr. Braunlich's opinion persuasive; the evidence demonstrates that the surgery recommended by Dr. Braunlich is medically necessary and reasonably required treatment for the left shoulder problems Ms. Cunningham suffers from due to her compensable injury. We agree with the reasoning and conclusions of both the Office of Judges and Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the Board of Review's Order is affirmed with  rotator cuff tear and rotator cuff syndrome as compensable conditions. As a result of this holding, the surgery recommended by Dr. Braunlich to treat such conditions is authorized.

Affirmed as Modified.

**ISSUED:   April 23, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2